I respectfully dissent. Assuming that the Wood County Prosecutor's office was unaware of appellant's arrangement with police (even though there appears to be some evidence to the contrary), it is still fundamentally unfair to deprive him of the benefit of his bargain. A career criminal would have known that the police could not be bound without the prosecutor's consent. A career criminal would have insisted on getting the advice of counsel before making such a deal.
Here, someone who presumably had little experience with the adult criminal system placed himself in considerable personal jeopardy to do the bidding of police, only to have the Prosecutor's office renege on the deal.
If we are to insist that prosecutors' sign off on these arrangements, police should also advise the suspect that such is the case. I would extend the Lewellen rule to these facts.